### HAYNE v. VAN EPPS.

(Supreme Court, Appellate Division, Third Department. January 8, 1908.)

1. TRIAL—EVIDENCE—DIRECTION OF VERDICT.

Where, in an action to recover the consideration of a mortgage, B., president of a lumber company to which plaintiff was indebted, testified that it was agreed with plaintiff when the mortgage was executed that the consideration should be paid directly to B. without any order to that effect, in payment for lumber sold to plaintiff, and the entire consideration had been paid by defendant to B., either directly or through plaintiff's attorney who received a portion thereof, it was error to direct a verdict for plaintiff for any part of the consideration.

2. SAME.

Where, in an action for the consideration of a mortgage, all of which had been paid to B. under an alleged agreement with plaintiff, he testified that he had authority to receive the money for a lumber company to which plaintiff was indebted, the court should not have directed a verdict against defendant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 330–337.]

Appeal from Trial Term, Schenectady County.

Action by Levi Hayne against William E. Van Epps. From a judgment for plaintiff for less than the relief demanded, he appeals; and, from an order denying defendant's motion for a new trial, he appeals. Reversed, and new trial granted.

The case on a former appeal is reported in 114 App. Div. 278, 99 N. Y. Supp. 772, where the facts are stated.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Frank Cooper, for plaintiff.
Henry V. Borst and George C. Stewart, for defendant.

COCHRANE, J. The trial court submitted to the jury specific questions as to whether Mr. Stewart was the agent of plaintiff and authorized to receive for him the consideration of the mortgage or to direct the defendant to pay the same to the Mohawk Valley Lumber Company. These questions were answered by the jury in the negative. The court thereupon, disregarding the special verdict of the jury, held as matter of law that Stewart was the agent of the plaintiff, and that payments to him by the defendant were equivalent to payments to the plaintiff. It appeared at this trial that defendant paid $2,200 of the consideration of the mortgage to Stewart, and the remaining $300 directly to Mr. Burr, the president of the Mohawk Valley Lumber Company. For this latter amount, with interest, the court directed a verdict in favor of plaintiff, and, from the judgment entered on such verdict, the defendant appeals.

Plaintiff appeals because the court did not direct a verdict in his favor for $1,900 and interest; that being the entire consideration of the mortgage, except $600, which he admits was paid on his order to Stewart. On this trial Mr. Burr testified that it was agreed between plaintiff and himself when the mortgage was executed that the consideration thereof was to be paid directly to him as president of the lumber company without any order to that effect in payment for the lum-

ber which was to be used in the construction of the house covered by the mortgage and another house. His testimony is as follows:

"I told him [plaintiff] I would not be subject to his giving me an order from time to time; that that money must be paid me directly from Mr. Stewart as it was earned, and Mr. Hayne consented to it. Mr. Hayne said to me that then he could draw on Mr. Sullivan's mortgage, and would not have to pay out any more for lumber. Sullivan's mortgage was for $3,600 and covered the east lot; and Mr. Hayne said I could draw the money on the Van Epps mortgage in order to pay the lumber bill on both those houses. I was furnishing lumber for both houses; and Mr. Hayne said that I could draw the money on the Van Epps mortgage to pay the lumber bill, not only on the Van Epps house, but also on the Finch house, in order that he might be free to draw the money from the Sullivan mortgage to use on other houses."

Stewart testified to substantially the same facts. It was Burr who procured the defendant to take the mortgage in question. Burr furnished the name of the mortgagee to Stewart, who was the attorney for the lumber company and had been for some time prior to the transaction in question, and Stewart told plaintiff that defendant would take the mortgage. Stewart turned over to Burr the $2,200 received by him of defendant.

If such evidence be true, the whole consideration of the mortgage was paid by defendant in entire accord with plaintiff's authority and agreement, whether paid directly to Burr or through Stewart, and it was wrong for the trial court to direct a judgment for any amount in favor of plaintiff. This is true independently of the question of Stewart's relation to plaintiff. We have now the question of Burr's authority to receive the money for the lumber company, which question was not raised on the first trial, and, as Burr testified directly to such authority, a verdict could not be directed against the defendant. Such theory of the case, however, was not considered either by the court or jury. It would not be profitable in view of the fact that both parties are appealing to attempt to fix the responsibility for such omission. Both parties are dissatisfied with the judgment, and under the circumstances a new trial should be granted.

The judgment and order should be reversed and a new trial granted, with costs to abide the event. All concur.